IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SEBRINE CHATMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-1307-D |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner, a state prisoner appearing pro se, brought this action seeking relief under 28 U.S.C. § 2241. The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings under 28 U.S.C. §636(b). Upon review of Plaintiff's Petition (styled as "Petitioners [sic] Motion for Summary Judgment §2241"), Judge Mitchell issued a Report and Recommendation ("R&R" or "Report") [Doc. No. 6], which advised that the Court summarily dismiss Petitioner's action for failure to state a claim upon which relief could be granted under § 2241. Judge Mitchell directed any objections to the Report be filed on or before February 16, 2018. *Id*. at 4-5.

On February 5, 2018, the Court received a letter from Petitioner [Doc. No. 7], which stated:

# MOTION TO FILE OBJECTION TO REPORT, HAVE RECORD STRICKEN AND TO REFILE

    Comes now Petitioner, and move this Court. Petitioner plans to file appeal to the 10th Circuit. In 1994 the Federal Courts told the state to return to one man per cell.
    Now 23 years later they have ignored this court order. This had led to overcrowding and has affected the duration of his confinement. Making § 2241 a valid cognizable claim against the State of Oklahoma.

Respectfully,
Sebrine Chatman
B1 106 JHCC
P.O. Box 548 LEX, OK, 73051

Pursuant to 28 U.S.C. § 636(b), the Court is required to make a de novo determination of those portions of the R&R to which a specific objection has been made. *See* 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Where no objection has been made, the Court has discretion to review the R&R under any standard deemed appropriate, which is normally clear error. *Dallas Buyers Club, LLC v. Cordova*, 81 F. Supp. 3d 1025, 1027 (D. Colo. 2015) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991)). Here, the Court finds Petitioner has made no specific objection to the R&R; thus, it reviews the Report for clear error.[1]

---

[1] Although Petitioner is entitled to have his arguments liberally construed, the Court cannot take on the responsibility of serving as his attorney in constructing arguments and searching the record. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Having reviewed the Report, the Court is satisfied that there is no clear error on the face of the record and agrees with Judge Mitchell that the Complaint should be dismissed, without prejudice, for failure to state a cognizable claim under 28 U.S.C. § 2241. Accordingly, the Report and Recommendation [Doc. No. 6] is **ADOPTED** as though fully set forth herein. A judgment shall be issued forthwith.

**IT IS SO ORDERED** this 23rd day of February 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE